IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH HILL,

        Plaintiff,                  No. CIV S-10-1896 EFB P

    vs.

J. HALL, et al.,

                                ORDER AND
        Defendants.         FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Currently before the court is defendants' motion to dismiss for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). For the reasons explained below, the undersigned recommends that the motion be denied.

**I.    Background**

       This action proceeds on the complaint filed on July 19, 2010. Dckt. No. 1. In the complaint, plaintiff alleges that defendants violated his civil rights under the Eighth Amendment to the United States Constitution.

       Plaintiff, a prisoner incarcerated at California State Prison, Sacramento, experiences pain in his ankle and foot stemming from a gun shot wound to his ankle and the foot condition plantar

////

1

fasciitis. *Id.* at 5, 7.[1] In 2006, plaintiff was issued a medical Comprehensive Accommodation Chrono (chrono) by a non-party physician allowing plaintiff to use insoles. *Id*. at 5, 35. In October 2007, defendant McAlpine, a physician, issued a chrono permitting plaintiff to wear his own shoes. *Id.* at 6, 36. Plaintiff claims this chrono, which was valid for one year, was issued because defendant McAlpine was aware that plaintiff's foot pain could become chronic if left untreated. *Id.* at 6. On March 5, 2008, defendant McAlpine issued another chrono allowing plaintiff to wear his own shoes. *Id.* at 6, 35-36.

On January 27, 2008, plaintiff had a contact visit scheduled. *Id.* at 7. Defendant Hall, the sergeant assigned to visiting, was presented with two of plaintiff's chronos, one of which granted plaintiff permission to use his own tennis shoes. *Id*. Defendant Hall, believing that plaintiff's chronos were falsified documents, issued plaintiff a "115" rules violation. *Id*. The chronos, however, were valid and plaintiff was found not guilty of the rules violation. *Id*. On February 23, 2008, subsequent to the not guilty determination, prison staff acting under the direction of defendant Hall prohibited plaintiff from wearing his personal tennis shoes during a contact visit. *Id.* at 8. Plaintiff was required to wear state-issued soft-shoes, and prison staff stated "personal policy" as the reason plaintiff was not permitted to wear his personal shoes. *Id*.

From February 2008 until January 2010, at which time all prison contact visits were suspended, plaintiff was required to wear state-issued soft-shoes for all weekend contact visits. *Id*. These visits typically lasted eight hours, and the wearing of state-issued shoes for this duration resulted in multiple days of swelling and pain in plaintiff's feet. *Id*. Plaintiff appealed the decision to not allow him to wear his own shoes during weekend visits, which was denied because defendant McAlpine allegedly told defendant Hall that plaintiff's chronos did not prohibit plaintiff from wearing state-issued shoes. *Id.* at 8-9.

////

---

[1] The page numbers cited herein refer to those assigned by the court's electronic docketing system and not those assigned by the parties.

In September 2009, plaintiff experienced chronic pain and numbness and requested to see a podiatrist. *Id.* at 9. He was examined by defendant Nangalama, a physician, who concluded plaintiff may have tendinitis. *Id.* Although it was noted that there was a reduction of pain and swelling when he wore his own shoes, plaintiff's chronos were not renewed and Naproxen was prescribed. *Id.* at 9, 43-44. Defendant Nangalama denied plaintiff's request to see a podiatrist, observing that plaintiff had already been evaluated by a podiatrist in December 2008 and February 2009. *Id.* at 43-44.

## II.     Rule 12(b)(6) Standard

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; rather, it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (internal quotation marks omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976); *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

////

The court may additionally consider facts established by exhibits attached to the complaint, facts which may be judicially noticed, and matters of public record, including pleadings, orders, and other papers filed with the court. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987); *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

Similarly, the court may disregard allegations contradicted by the complaint's attached exhibits and is not required to accept as true allegations contradicted by judicially noticed facts. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir.1998); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985). However, the court's liberal interpretation of a pro se litigant's pleading may not supply essential elements of a claim that are not plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *Sprewell*, 266 F.3d at 988.

Where a complaint is deficient, a pro se litigant is entitled to notice of the deficiencies and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

**III.     Analysis**

Defendants put forth two arguments supporting their position that plaintiff's complaint should be dismissed. First, defendants contend that the complaint fails to state a viable Eighth

4

Amendment claim because plaintiff did not allege facts showing defendants were deliberately indifferent to a serious medical need. Second, defendants claim the complaint should be dismissed because they are entitled to qualified immunity.

**A.     Deliberate Indifference to a Serious Medical Need**

A prison official violates the Eighth Amendment's proscription of cruel and unusual punishment where he or she deprives a prisoner of the minimal civilized measure of life's necessities with a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "An official's deliberate indifference to a substantial risk of serious harm to an inmate – including the deprivation of a serious medical need – violates the Eighth Amendment." *Conn v. City of Reno*, 572 F.3d 1047, 1054-55 (9th Cir. 2009). To succeed on an Eighth Amendment claim predicated on the denial of medical care, a plaintiff must establish that he had a serious medical need and that the defendant's response to that need was deliberately indifferent. *Id.* at 1055 (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need exists if the failure to treat plaintiff's condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Conn*, 572 F.3d at 1055. An officer has been deliberately indifferent if he was actually aware of the plaintiff's serious medical need and did not reasonably respond to the risk. *Id.* at 1056; *Farmer*, 511 U.S. at 828, 844-45.

Neither a defendant's negligence nor a plaintiff's general disagreement with the treatment he received suffices to establish deliberate indifference. *Estelle*, 429 U.S. at 106; *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988); *Jackson v. McIntosh*, 90 F.3d 330, 331 (9th Cir. 1996). Evidence that medical caregivers disagreed as to the need to pursue one course of treatment over another is also insufficient, by itself, to establish deliberate indifference. *Jackson*, 90 F.3d at 332.

Defendants first argue plaintiff's complaint should be dismissed because plaintiff failed to allege a serious injury. The complaint, however, states that plaintiff suffers from the foot

5

1  condition plantor fasciitis. Dckt. No. 1 at 5. Not only does plaintiff allege that his condition
2  could become chronic if untreated, he claims he had developed chronic foot pain by the time
3  defendant Nangalama evaluated him. *Id.* at 6, 9. These allegations suffice to show plaintiff had
4  a condition that could result in further significant injury if not treated.

5  Defendants McAlpine and Nangalama further argue that the allegations in the complaint,
6  rather than demonstrating deliberate indifference, only show that plaintiff disagreed with the
7  treatment selected by defendants McAlpine and Nangalama. These defendants contend that
8  plaintiff has failed to show that the treatment provided was medically unacceptable and chosen
9  in conscious disregard of an excessive risk to plaintiff's health. *See Toguchi v. Chung*, 391 F.3d
10 1051, 1058 (9th Cir. 2004) ("[T]o prevail on a claim involving choices between alternative
11 courses of treatment, a prisoner must show that the chosen course of treatment was medically
12 unacceptable under the circumstances and was chosen in conscious disregard of an excessive
13 risk to the prisoner's health.") (internal quotation marks omitted).

14 The court cannot agree. Plaintiff clearly alleges that he experiences pain and swelling
15 caused from his plantar fasciitis. Dckt No. 1 at 6-9, 43-44. Exhibit "E" attached to the
16 complaint indicates that when plaintiff was permitted to wear his own shoes, pain and swelling
17 in his feet were reduced. *Id.* at 43-44. Plaintiff further alleges that notwithstanding the known
18 benefit of plaintiff wearing his own shoes, and necessarily the known increase of pain and
19 swelling by denial of the use of those shoes, defendants McAlpine and Nangalama denied
20 plaintiff this treatment. *Id.* at 9, 43-44. Although plaintiff requested permission to wear his own
21 shoes, he was only allowed to wear state-issued soft-shoes, which aggravated his plantar fasciitis
22 and caused unnecessary pain and swelling in his feet. *Id* at 8. These allegations, if taken as true,
23 are sufficient to show that the course of treatment provided was medically unacceptable.

24 In sum, defendants McAlpine and Nangalama allegedly knew that plaintiff had a foot
25 condition that could result in further injury if left untreated. Despite being aware that proper
26 shoes reduced pain and swelling, defendants McAlpine and Nangalama prohibited plaintiff from

6

wearing his own shoes.  The allegation that defendants McAlpine and Nangalama denied treatment that was known to alleviate plaintiff's pain and swelling suffices to state a claim of deliberate indifference to plaintiff's serious medical need.

Defendant Hall contends the complaint fails to state a valid claim against her because plaintiff did not allege facts demonstrating that defendant Hall acted with deliberate indifference. "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment." *Jackson*, 90 F.3d at 332.

Plaintiff alleges that defendant Hall, knowing plaintiff had a chrono permitting him to wear personally purchased shoes, prohibited plaintiff from wearing his own shoes during weekend visits.  Dckt. No. 1 at 7.  Defendant Hall argues that disregarding the chronos was reasonable under the circumstances because he believed plaintiff's chronos were falsified.  Even assuming defendant Hall acted reasonably under these circumstances, plaintiff further alleges that prison staff acting under direction of defendant Hall precluded plaintiff from wearing his own shoes after the validity of plaintiff's chronos had been verified.  *Id.* at 8.  This allegation is sufficient to show an interference with medical treatment.  Accordingly, plaintiff has adequately pled facts showing defendant Hall acted with deliberate indifference.

**B.      Qualified Immunity**

Defendants contend they are protected under the doctrine of qualified immunity. Qualified immunity protects government officials from liability for civil damages where a reasonable person would not have known their conduct violated a clearly established right. *Anderson v. Creighton*, 483 U.S. 635, 638-39 (1987).  In determining whether the doctrine of qualified immunity provides a government officer protection, a court must make two inquires: 1) do the facts alleged show that the officer violated a constitutional right; and 2) was the constitutional right well established. *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Pearson v. Callahan*, 555 U.S. 223, (2009) (courts have discretion to decide which of the two *Saucier* prongs to address first).  A plaintiff invokes a "clearly established" right when "the contours of

1  the right [are] sufficiently clear that a reasonable official would understand that what he is doing
2  violates that right." *Anderson v. Creighton*, 483 U.S. 635, 40 (1987).

3       Defendants raise qualified immunity in the context of this Rule 12 motion. Thus, the
4  core of their argument is that even assuming the allegations of the complaint to be true,
5  defendants' alleged conduct is nonetheless covered by qualified immunity. In determining
6  whether an officer is entitled to qualified immunity, a court must view the facts in the light most
7  favorable to the plaintiff. *Saucier*, 533 U.S. at 201. Defendants are not entitled to qualified
8  immunity under the first prong because, as explained above, plaintiff has sufficiently pled facts
9  which, if proven, demonstrate that defendants acted with deliberate indifference to plaintiff's
10 serious medical need and subjected him to unnecessary pain. Defendants contend, however, that
11 they are entitled to qualified immunity under the second prong because they reasonably believed
12 that their conduct was lawful under the circumstances. *See Id.* ("The relevant, dispositive
13 inquiry in determining whether a right is clearly established is whether it would be clear to a
14 reasonable officer that his conduct was unlawful in the situation he confronted.").

15      "It is settled law that deliberate indifference to serious medical needs of prisoners
16 violates the Eighth Amendment." *Jackson*, 90 F.3d at 332. Deliberate indifference exists where
17 the medical treatment provided was medically unacceptable under the circumstances and chosen
18 in conscious disregard of an excessive risk to plaintiff's health. *Toguchi*, 391 F.3d at 1058.
19 Furthermore, prison officials act with deliberate indifference when they intentionally interfere
20 with medical treatment. *Jackson*, 90 F.3d at 332.

21      Viewing the facts in the light most favorable to plaintiff, it was not reasonable for
22 defendants to believe that their conduct was lawful under the circumstances. Plaintiff alleges
23 that defendants McAlpine and Nangalama knew that by wearing his own shoes, plaintiff
24 experienced a reduction in pain and swelling. Dckt. No. 1, at 6, 43-44. Plaintiff further claims
25 that if his foot condition is ignored, it could become chronic. *Id.* at 6. Nevertheless, it is alleged,
26 defendants McAlpine and Nangalama denied plaintiff the ability to wear his own shoes. *Id.* at 8-

8

9, 43-44. A reasonable person in defendants McAlpine and Nangalama's position would have understood that denying plaintiff the ability to wear his shoes during weekend visits was medically unacceptable under the circumstances and created an unreasonable risk to plaintiff's health and an unnecessary infliction of additional pain. Accordingly, defendants McAlpine and Nangalama are not entitled to qualified immunity.

Defendant Hall contends that it was reasonable for her to prohibit plaintiff from wearing his own shoes because she reasonably believed that plaintiff's chronos were falsified. As discussed above, plaintiff alleges that defendant Hall was aware that his chronos were valid, but still directed prison staff to bar plaintiff from wearing his own shoes based on "personal policy." It would be clear to a reasonable officer that denying use of medically prescribed shoes based on personal policy constitutes intentional interference with medical treatment. Thus, defendant Hall is not protected by qualified immunity.

**IV.  Conclusion and Recommendation**

Accordingly, it is hereby ORDERED that the Clerk randomly assign a United States District Judge to this case.

Further, it is RECOMMENDED that:

1. The March 3, 2011 motion to dismiss filed by defendants McAlpine, Nangalama, and Hall be denied.

2. Defendants McAlpine, Nangalama, and Hall be ordered to file an answer to the complaint within the time provided in Rule 12 of the Federal Rules of Civil Procedure.

These findings and recommendations are submitted to the United States District Judge to be assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

////

1  within the specified time may waive the right to appeal the District Court's order. *Turner v.*
2  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
3  Dated: November 9, 2011.

                EDMUND F. BRENNAN
                UNITED STATES MAGISTRATE JUDGE